Attorneys not given.

---

No. 362
### KRAUSS v. COLUMBUS (City)

Ohio Appeals, 2nd Dist., Franklin County
No. 1127. March 20, 1924

144. BILLS OF EXCEPTION—Bill of must be taken at the hearing of a motion in the lower court, else a reviewing court will presume that the necessary evidence was before the lower court to justify its order.

ALLREAD, J.
Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Columbus Municipal Court, brought on April 17, 1922, wherein William K. Krauss was plaintiff and the City was defendant. On Oct. 18, 1922, a second amended petition was filed. A

motion to strike this petition from the files was sustained and later, on reconsideration, overruled. Dec. 15, 1922, leave was given to the City to answer by Dec. 23, 1922. Dec. 28, 1922, the case was called and, defendant being in default, judgment was rendered for plaintiff for $178.34. Dec. 29, 1922, motion was made by defendant to vacate judgment for the reasons that the granting of a rehearing of defendant's motion to the second amended petition was made without the knowledge of defendant; that the order of Dec. 15th overruling defendant's motion and granting leave to plead to defendant was made without the the knowledge of defendant; that the default judgment was taken without the knowledge of defendant; and that defendant had a good and valid defense.

An affidavit of one of the city's attorneys was attached tending to prove diligence of the City in following its cases. March 1, 1923, the motion to vacate the judgment was overruled. Error was prosecuted to the Common Pleas, where the judgment of the Municipal Court was reversed on the ground of gross abuse of discretion. Plaintiff prosecuted error to the Court of Appeals, which held:

Since no bill of exceptions was taken in the Municipal Court showing the evidence received and considered upon the motion to vacate, this court must presume that the necessary evidence was before the court to justify its order and judgment. If the facts stated in the motion had been proven by the weight of the evidence this court would be inclined to the view that the Municipal Court should have vacated the judgment, but as the record stands, it cannot be assumed that those facts were so proven. Judgment of the Common Pleas reversed and that of the Municipal Court affirmed.

Attorneys—Harry E. Clark, for Krauss; Charles A. Teach and L. F. Laylin, for City; all of Columbus.